**Harold Sherman HANNAH, Jr., Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant.**

**CIV.A. No. 99–S–2362.**

United States District Court,
D. Colorado.

June 12, 2001.

yer.

## ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on **Plaintiff's Motion for Partial Reconsideration to Merely Allow Plaintiff to Have An Expert Economist as a Witness at Trial** (the "Motion"), filed May 24, 2001. The Motion is DENIED.

I conducted a scheduling conference in this case on March 6, 2000, and entered a scheduling order establishing the following deadlines, among others: a discovery cut-off date of September 26, 2000; an expert designation deadline of September 26, 2000; and a dispositive motion deadline of November 29, 2000. During the scheduling conference, plaintiff's counsel stated his desire to extend the deadlines to the latest possible date so that he could spend time with his children during their summer vacations. I set generous deadlines and indicated a willingness to consider extensions if necessary.

No motion to extend any of the deadlines contained in the scheduling order was filed prior to their expiration. I held a settlement conference on September 28, 2000, two days after the discovery cut-off and the deadline to designate experts. Even at that time, no request to extend deadlines was made. Counsel for the plaintiff did indicate, however, that he was converting to a new computer system, stating on his facsimile cover sheet:

> [T]he calendaring for my new computer system was and will continue in the near future to be slightly disrupted by my very time intensive process of taking the last 15 years worth of information from my old computer program and manually transferring all pertinent information into three completely new computer programs for my law office. Therefore, it is possible that names, addresses, numbers, and dates may have been incorrectly entered into the new system. Please carefully read this and all other documents that you receive, and immediately notify me if there are any inaccuracies that need correction in my computer, so that those inaccuracies do not get perpetuated into future documents.

The plaintiff filed a typewritten, three page confidential settlement letter.

Four months later, on January 25, 2001, I called the case for a pretrial conference. Counsel for the plaintiff failed to appear in person, but he was reached by telephone. For the first time, counsel for the plaintiff indicated that additional discovery was required. Consequently, on January 25, 2001, I entered an order resetting the final pretrial conference to April 19, 2001, and directing that the plaintiff file any motion to reopen discovery by February 8, 2001.

Consistent with my order, on February 7, 2001, the plaintiff filed a motion for an enlargement of time to conduct written discovery and to designate expert witnesses. The plaintiff's principal excuse for failing to comply with the deadlines set in the scheduling order was that "[u]nfortunately, an UNEXPECTED part of the process [of converting to a new computer] was a several week period of an almost complete dead stop of ALL COMPUTER RELATED FUNCTIONS, including DOCUMENT PRODUCTION AND CALENDARING functions." The plaintiff did not argue that he was unaware of the deadlines set in the scheduling order, nor could he make such an argument because I entered a written scheduling order contain-

ing all of the deadlines. Plaintiff's counsel could have reviewed that written order without the assistance of a functioning computer.[1] In addition, regardless of the computer problems, the plaintiff's counsel was aware of the settlement conference deadline, appearing with his client on September 28, 2000, as scheduled. Nor is there any explanation for the four month delay by the plaintiff—from the date of the settlement conference in late September 2000, when plaintiff's counsel certainly must have reviewed his file, until January 25, 2001, when plaintiff's counsel first expressed a need for additional time for discovery and expert disclosures—to move to amend the scheduling order.

I denied the plaintiff's motion to enlarge the discovery deadline and the deadline to designate experts, finding that the plaintiff had not shown good cause to amend the scheduling order. *See* Order entered April 19, 2001. In making that decision, I relied on the Advisory Committee notes to Fed. R.Civ.P. 16, which state that the court "may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." I also relied on *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.1997), *aff'd*, 129 F.3d 116 (4th Cir.1997), which states in relevant part:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Accord Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990)(factors to be considered in deciding whether to reopen discovery include, among others, "whether the moving party was diligent in obtaining discovery within the guidelines established by the court").

The plaintiff now seeks reconsideration of my earlier ruling insofar as it precluded the late designation of an expert economist to testify as to damages. The motion is captioned "merely to allow plaintiff to have an expert economist as a witness at trial." If I were to grant reconsideration and allow the late designation, of course, I would also have to allow the deposition of the late-designated expert; allow the defendants to designate their own expert, including a deposition of that expert; and allow the plaintiff an opportunity to designate a rebuttal expert, including a deposition of the rebuttal expert.

The plaintiff's argument in support of relief is as follows:

> The Court on March 6, 2000, during the Scheduling Order Conference, gave plaintiff's counsel the impression that this court would be compassionate toward plaintiff's counsel's need for discovery delays to have summer family plans with his 11 & 14 yr [sic] old children. Those summer plans were disrupted and cut drastically short because of plaintiff's counsel's computer AND ARTHRITIS HEALTH problems previously set forth in detail to this court. Those health and computer problems started a series of events that disrupted counsel's ability to file a motion to enlarge PRIOR to the original September 2000 cutoff. However, counsel believed that the court's prior March 6 hearing impression of compassion for family, combined with the fact that these HEALTH and computer events were "good cause" for a motion to enlarge discovery filed after the September cutoff, especially since this court appeared to have such human compassion and because defendant would not be prejudiced.

Motion, at ¶ 8.[2]

■ The Federal Rules of Civil Procedure do not contemplate a motion for reconsidera-

1. It is significant that at a hearing on April 19, 2001, counsel for the plaintiff stated that his computer calendar turned into "gibberish" in January 2000. The scheduling conference in this case was on March 6, 2000. Consequently, *plaintiff's counsel was fully aware of the computer problem before* the scheduling conference and, in the exercise of reasonable diligence, could and should have taken precautions against further calendaring problems, including the use of a backup, paper calendar.

2. The written record lacks any reference to "arthritis health problems" suffered by plaintiff's counsel. That excuse first was offered at the

tion. *Quigley v. Rosenthal*, 43 F.Supp.2d 1163, 1171–72 (D.Colo.1999). I will treat the Motion at issue here as a motion for relief from an order under Fed.R.Civ.P. 60(b).

■ Rule 60(b)(1), Fed.R.Civ.P., is available in a case such as this to obtain relief from an order where a party has made an excusable litigation mistake or where the judge has made a substantive mistake of law or fact. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir.1996). It is not, however, a method for obtaining a second bite at a previously unsuccessful apple. As the court noted in *Cashner*:

> We ... have held that Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed is likewise inappropriate."), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

The Motion here is a plea to alter deadlines previously set by the court and ignored by the plaintiff. I already have considered and rejected the excuses offered by the plaintiff's counsel for his failure to comply with the scheduling order or to seek with reasonable diligence extensions of those deadlines. I need not and will not consider again the same facts and arguments. ·

In denying the Motion, I do not intend to lack compassion. Instead, I am persuaded by the reasoning of the court in *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985):

> It is well known that we litigate these days under the burden of heavy case loads and clogged court calendars. It is unquestioned that often unjustified and inordinate periods of delay occur in bringing a case to trial after it is filed in the court. It is the hearing to expand the discovery and disclosure

purpose of the scheduling conference provisions of Rule 16(b) to provide the Court with an effective pretrial device for early Court intervention into the management and progress of a case once issues are joined on the Court's docket.

> The ... Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.

*Accord Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 354–55 (D.Kan.1991)(stating that the purpose of a scheduling order is to encourage careful pretrial management and holding that "the order and the timetable established by the order are binding").

For these reasons, IT IS ORDERED that the Motion is DENIED.

deadlines held April 19, 2001.