PUMPCO, INC., the Concrete Pumping Company, Plaintiff,

v.

SCHENKER INTERNATIONAL, INC. and Daewoo Heavy Industries, Ltd., Defendants.

No. 00–M–2422.

United States District Court, D. Colorado.

Dec. 18, 2001.

Gregory B. Kanan, Rothgerber, Johnson & Lyons, LLP, Denver, CO, for plaintiff.

Jon F. Sands, Bostrom, Sands, & Sander, PC, Denver, CO, for Schenker International, Inc.

Peter F. Jones, Hall & Evans, Denver, CO, for Daewoo Heavy Industries, Ltd.

### ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the plaintiff's **Motion for Leave to File Second Amended Complaint** (the "Motion to Amend"), filed November 27, 2001. The plaintiff seeks leave to add a claim for breach of fiduciary duty against Schenker Int'l, Inc. ("Schenker"); and claims for fraud, negligent misrepresentation, and deceptive trade practices against Daewoo Heavy Industries, Ltd. ("Daewoo"). Schenker does not oppose the Motion to Amend. Daewoo does oppose the motion, arguing that it should be denied because the plaintiff is guilty of undue delay in seeking to add the claims and because the bases alleged by the plaintiff for that delay are asserted in bad faith. The Motion to Amend is GRANTED.

■ The Scheduling Order entered in this case established March 16, 2001, as the deadline to join parties and amend pleadings. The complaint was amended once prior to that date. The instant Motion to Amend is made after the deadline for amendments established in the Scheduling Order. Consequently, I apply a two step analysis in deciding whether to allow amendment:

"Where, as here, a motion to amend the pleadings ... is filed after the scheduling order deadline, a 'two-step analysis' is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a) . . . . "

"Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."

*Colorado Visionary Academy v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D.Colo.2000)(quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C.1997), *aff'd,* 129 F.3d 116 (4th Cir.1997)).

■ In this case, the plaintiff argues that good cause exists to extend the deadline for amendment against Schenker because "documents recently received from Schenker, and recent authority from the Colorado Court of Appeals, establish a basis for an additional claim for breach of fiduciary duty against Schenker," citing *Command Communications, Inc. v. Fritz Companies, Inc.,* 36 P.3d 182 (Colo.App. 2001). Motion to Amend, at ¶ 5. Either ground asserted here—information learned through discovery and a change in the law—if occurring after the deadline to amend contained in the Scheduling Order constitutes good cause to justify an extension of that deadline.

■ Similarly, the plaintiff asserts that it learned for the first time after the deadline to amend had expired the names of the Daewoo representatives who allegedly made affirmative false statements in connection with the plaintiff's purchase of the concrete pumping trucks here at issue. The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend

established in the scheduling order has expired constitutes good cause to extend that deadline.

I find that the plaintiff has satisfied the first step in the analysis and has established good cause to extend the deadline within which it may seek leave to amend the complaint.

■ Next, I consider whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed.R.Civ.P. 15(a):

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Amendments of pleadings are liberally allowed in recognition of one of the basic policies of the rules of civil procedure—"that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1473 at p. 521.

■ The facts presented here lead me to conclude that the plaintiff should be allowed to make the requested amendments. Specifically, the plaintiff has pointed to new information recently discovered or disclosed which forms the bases for the additional claims. The defendants do not dispute that the information was recently disclosed. Daewoo does argue, however, that "it was not necessary that [p]laintiff knew the exact identity of the Daewoo representatives in order to bring these misrepresentation claims...." Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, at p. 3. That may be so, but I do not find that a party is guilty of undue delay within the meaning of Rule 15(a) where it postpones seeking leave to amend to allege misrepresentations until the identities of the people involved are disclosed or become known. This is particularly true here, where there is no allegation that the plaintiff delayed in its efforts to discover those identities.

■ Similarly, the plaintiff's delay in seeking leave to assert claims of misrepresentation until it learned the identities of the Daewoo representatives allegedly involved does not constitute bad faith even if, as Daewoo argues, the plaintiff is not required to plead the identity of the people making the alleged misstatements.

Although the deadline for conducting discovery has closed,[1] no trial date has been set. In the event the parties believe that additional discovery is required in light of the amendments, they may ask to reopen discovery and to alter any other deadlines, as necessary. Any prejudice which might arise from these late amendments is thus capable of being cured.

IT IS ORDERED that the Motion to Amend is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to accept for filing the Second Amended Complaint and Jury Demand attached to the Motion to Amend.

IT IS FURTHER ORDERED that the defendants shall have 30 days after service within which to answer or otherwise respond to the Second Amended Complaint and Jury Demand.

**1.** Although the plaintiff asserts in the motion that the discovery cut off has been extended to May 31, 2002, expert designations have been extended to January 10, 2002, and the dispositive motion deadline has been extended to June 15, 2002, no order to that effect is contained in the file.

Moreover, D.C.COLO.LR 7.1M precludes parties from altering deadlines by agreement; "[o]nly time variances specifically approved by court order upon motion made within the time limits prescribed by those rules will be recognized as having any binding or legal effect."