**MARCIN ENGINEERING, LLC a Colorado limited liability company, Plaintiff,**

v.

**The FOUNDERS AT GRIZZLY RANCH, LLC, a Nevada limited liability company and Grizzly Ranch Partners, LLC, a California limited liability company, Defendants.**

No. CIV.A. 02–K–149.

United States District Court, D. Colorado.

Dec. 18, 2003.

Jeffrey M. Villanueva, P.C., Denver, CO, for Plaintiff.

Charles F. Brega, Brega & Winters P.C., Lawrence B. Leff, Winzenburg, Leff, Purvis & Payne, LLP, Denver, CO, Carey Gunn Helm, Winzenburg, Leff, Purvis & Payne, LLP, Vail, CO, Craig E. Lindberg, Purcell & Associates, Newport Beach, CA, for Defendant.

### MEMORANDUM OPINION AND ORDER ON PENDING DISCOVERY MOTIONS

KANE, Senior District Judge.

This matter is before me on Defendants/Counterclaimants' Motion for Extension of Expert Discovery Based Upon Forthcoming Document Production, filed September 24, 2003, Defendants/Counterclaimants' Motion to Deny Summary Judgment Pursuant to Fed.R.Civ.P. 56(f), filed November 7, 2003, and Plaintiff's Motion for Further Sanctions for Failure to Comply with Orders Compelling Discovery, filed November 12, 2003. Having carefully considered the cited motions, related briefing, the record in this action and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

#### *Background*

This is the diversity action in which Plaintiff Marcin Engineering, LLC ("Marcin") seeks payment for civil engineering services performed and expenses incurred in connection with a master planned community to be built by Defendants The Founders at Grizzly Ranch, LLC and Grizzly Ranch Partners, LLC (collectively "Grizzly Ranch") in Plumas County, California (the "Project"). Grizzly Ranch counterclaimed for damages allegedly resulting from Marcin's work under negligence and other tort and contract theories. At the November 19, 2002 Scheduling Conference, I strongly urged the parties to consider settlement given the amount in controversy and the likely litigation costs. Although the parties participated in a settlement conference before Magistrate Judge Boland, no settlement was reached.

The parties have spent much of their time since the failed settlement conference embroiled in discovery disputes originating in Grizzly Ranch's failure to respond as required to Marcin's discovery requests. In March, 2003, I granted Marcin's motion to compel Grizzly Ranch to produce the requested information and documents. After Grizzly Ranch failed to comply fully with my order, I granted Marcin's further motion for sanctions, and, on May, 22, 2003, awarded Marcin $35,000 in sanctions and struck Grizzly Ranch's California counsel from the case. These sanctions were based in part on my finding that Grizzly Ranch and its key principal, Andrew Norris, were being deliberately evasive in responding to Marcin's discovery requests and were not taking this case seriously. *See* Tr. at 21 (March 27, 2003); Tr. at 10, 19–21 (May 22, 2003).

Grizzly Ranch finally produced the documents that were the subject of my orders in mid-June, after the May 30, 2003 discovery cut-off set in the Scheduling and Discovery Order.[1] Anticipating that this might occur, I had stated at the March hearing that I would extend Marcin's deadline for filing expert reports and completing discovery if needed after Grizzly Ranch responded fully to the disputed discovery requests. Tr. at 24–25 (March 27, 2003).

---

1. As described later in this order, Grizzly Ranch also certified at this time that it had fully complied with my May 22 order.

Shortly after Grizzly Ranch produced the long-requested documents, Marcin filed a motion to compel Grizzly Ranch to make Mr. Norris, another Grizzly Ranch principal and its expert witness, D. Ted Erkan, available for deposition sooner than the end-of-the-year dates Grizzly Ranch had proposed. Marcin explained it had not deposed these individuals or completed its other discovery before the May 30, 2003 discovery deadline as a result of Grizzly Ranch's failure to respond to its discovery requests as described above.

In an Order entered July 11, 2003, I granted Marcin's motion and ordered Grizzly Ranch to produce the referenced individuals for deposition no later than September 1 or have all of its defenses and counterclaims stricken. Because the discovery and dispositive motion deadlines set in the original Scheduling Order were out-of-date as a result of Grizzly Ranch's actions and Marcin's consequent inability to complete its discovery, I also ordered that "[a]ny *remaining* discovery in this action, including designation of experts, service of expert reports and taking of any expert depositions, shall be completed no later than October 1, 2003," and set the amended deadline for filing dispositive motions at October 15, 2003. Order of July 11, 2003 (emphasis added). That this extension of the discovery deadline applied only to Marcin is obvious from my prior comments on this issue, the context in which the order was issued and the fact that the only discovery remaining at this point was the discovery Marcin had been prevented from completing as a result of Grizzly Ranch's failure to comply with its discovery obligations before the discovery cut-off.

Six weeks after this order entered, I granted Grizzly Ranch's request to substitute new counsel in this action. Soon thereafter, Grizzly Ranch's new counsel began efforts to reopen discovery some four months after it had closed.

### Pending Discovery Motions

#### A. Grizzly Ranch's Motions

Grizzly Ranch's pending discovery motions ultimately relate to a critical issue in this case, which is the sufficiency and admissibility of the testimony of Mr. Erkan, the expert designated by Grizzly Ranch to testify regarding the extent and quality of Marcin's work on the Grizzly Ranch Project. Marcin maintains Mr. Erkan is not qualified to testify on these subjects and that the expert report he submitted on May 7, 2003 in compliance with the court-ordered expert disclosure deadline is unreliable on its face. Based on these deficiencies, Marcin has moved to exclude Mr. Erkan's testimony or, in the alternative, to limit it strictly to the matters disclosed in his May 7 report. On this same basis, Marcin has also moved to strike Grizzly Ranch's Certificate of Review, which is based on Mr. Erkan's review of Marcin's work,[2] and moved for summary judgment on Grizzly Ranch's counterclaim alleging Marcin was negligent in its work on the Project.

Grizzly Ranch and both its current and prior counsel apparently share Marcin's concerns regarding Mr. Erkan's intended testimony as described in his May 7 report, because since producing that report as required by Rule 26(a)(2) and the Scheduling Order, Grizzly Ranch has: (1) without leave of court, twice revised and resubmitted Mr. Erkan's expert report to Marcin, first in July, and again on October 1, 2003;[3] (2) moved in late

---

**2.** C.R.S. § 13–20–602 requires that in every action where there is a claim or counterclaim against a licensed professional alleging professional negligence, the claimant's attorney must file with the court a Certificate of Review stating that the attorney has "consulted a person who has expertise in the area of the alleged negligent conduct" and that the professional consulted "has reviewed the known facts" and concluded that the claim "does not lack substantial justification." California has a similar requirement that also requires the consulted professional to opine that the accused party was negligent. *See* Cal. Civ. Pro.Code § 411.35.

**3.** Grizzly Ranch's new counsel cites my July 11, 2003 Order as justification for this second attempt to rework Mr. Erkan's expert report. As noted above, the extended expert disclosure and discovery deadlines stated in the July 11 Order were granted only to prevent Marcin from being prejudiced by Grizzly Ranch's discovery misconduct. These deadlines only applied to Marcin and provide no justification for Grizzly Ranch's attempt at a second or third bite at the expert discovery apple.

September that Grizzly Ranch be granted an additional three months or more to designate experts, serve amended and new expert reports and produce its experts for deposition;[4] and (3) requested that I deny Marcin's motion for partial summary judgment pursuant to Fed.R.Civ.P. 56(f) on the ground that Grizzly Ranch cannot respond to it properly without additional expert discovery. Marcin objects to each of these attempts to revise and expand Grizzly Ranch's expert witness disclosures and testimony.

█ In order for expert disclosures and related discovery to be reopened as Grizzly Ranch requests, Grizzly Ranch must show good cause to amend the discovery deadlines stated in the February 28, 2003 Scheduling Order. *See* Scheduling Order, ¶ 9; Fed. R.Civ.P. 16(b). Good cause in this context requires a showing, among other things, that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline. *See SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668– 69 (D.Colo.2001). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quotation omitted); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo.2001).

█ Not surprisingly, a similar rule exists with respect to motions seeking additional discovery in response to a motion for summary judgment. "Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence." *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir.1984); *see Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir.1993); *see generally* 10B C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 3d § 2741, at 429–37 (1998). In addition to demonstrating diligence in its discovery efforts, a party seeking additional discovery pursuant to Rule 56(f) must demonstrate by affidavit that such discovery is required for it to obtain "facts essential to

justify the party's opposition" to summary judgment. Fed.R.Civ.P. 56(f). Thus, "if the party filing the Rule 56(f) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Jensen*, 998 F.2d at 1554; *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264–65 (10th Cir.1984).

█ That new counsel is dissatisfied with the state of the case it inherited is not grounds under this authority for reopening discovery long after the court-ordered deadlines have passed. Recognizing this, Grizzly Ranch asserts in its discovery motions that the requirements stated above are met here because Marcin "intentionally withheld" computer data Grizzly Ranch now claims is responsive to discovery requests it served on March 14, 2003 and to which Marcin timely responded. Grizzly Ranch claims it only became aware of this omission in mid-September in the course of defending the depositions of two of its principals. It further asserts this "newly discovered" data is relevant and material to issues addressed in Mr. Erkan's expert report and to its opposition to Marcin's motion for partial summary judgment. Although it disputes Grizzly Ranch's account on all points, Marcin produced the requested computer data promptly when Grizzly Ranch requested it in September.

In fact, the record does not support Grizzly Ranch's account or demonstrate that Grizzly Ranch is entitled to reopen expert discovery. Marcin asserts, and Grizzly Ranch does not dispute, that the allegedly new information consists of preliminary and/or incomplete renditions of Marcin's work product, almost all of which were generated by a Computer Aided Design (CAD) system, which is an engineering software tool used to produce hard copy engineering plans and drawings. Marcin further reports it made the final or most current versions of each of these drawings, plans or other work product available to Grizzly Ranch in hard copy form in November, 2002 as part of

---

4. Marcin has already deposed Mr. Erkan, Grizzly Ranch's currently designated expert witness on

Marcin's work product.

Marcin's Rule 26 disclosures and again on April 14, 2003 in a timely response to Grizzly Ranch's discovery requests.[5] Grizzly Ranch did not review this material, however, until April 25, 2003, five months after it was first made available and only five days before the original deadline for the parties to make their expert disclosures.[6]

Grizzly Ranch does not dispute Marcin's assertion that, as an experienced land developer, Grizzly Ranch must have known that the hard copy work product Marcin produced was generated from CAD and equivalent computer data. In any event, Grizzly Ranch must have been aware no later than May 30, 2003, that such data existed because Mr. Erkan discussed Marcin's use of CAD and related software throughout the expert report he prepared for Grizzly Ranch in April, *see* Erkan Expert Report ("Grizzly Ranch— Phase 1, Engineering Review of Marcin Engineering Plans") (Apr. 3, 2003), and Marcin's computerized work product was mentioned at Tom Marcin's May 30 deposition. *See* Marcin Dep. at 149. Nonetheless, Grizzly Ranch did not allege that Marcin's production was deficient because it omitted computerized versions of Marcin's work product until late September, 2003, nearly five months after the May 30, 2003 discovery cutoff. Thus, Grizzly Ranch was dilatory both in failing to review Marcin's hard copy work product when it was timely produced and also in failing to inform Marcin and the court that it believed the production was incomplete.

■ Grizzly Ranch also does not dispute Marcin's assertion that Grizzly Ranch, through Mr. Norris, instructed Mr. Erkan to complete his expert report regarding the quality and value of Marcin's work product without giving Mr. Erkan an opportunity to review any documents drawn from the six banker boxes of documents or hundreds of drawings and maps timely produced by Marcin. Instead, Mr. Norris apparently directed Mr. Erkan to base his expert opinions and report on thirteen documents taken from Grizzly Ranch's files. Based on the date of the report, Mr. Erkan completed his review and report on April 3, 2003, more than four weeks before Grizzly Ranch even reviewed Marcin's document production. Although Grizzly Ranch finally reviewed Marcin's documents shortly before the original April 30 expert disclosure deadline, it did not seek an extension of its expert disclosure deadline to allow Mr. Erkan to consider these documents in his evaluation of Marcin's work product, but rather sought and was granted a one week extension only so it could include in his disclosure additional documentation and information it was awaiting from him. *See* Defs.' Unopposed Mot. for Extension of Time to Submit Disclosure of Expert Testimony (Apr. 30, 2003). This history demonstrates Grizzly Ranch was dilatory in providing Mr. Erkan with any work product produced by Marcin in this litigation and also undermines Grizzly Ranch's current claim that the computer data from which Marcin's hard copy document production was generated, as well as computerized versions of preliminary and superseded versions of this work product, are so material to Mr. Erkan's opinion and this action that expert discovery must be reopened to allow him to address it.[7]

---

5. Marcin recently reported its discovery of some hard-copy versions of drawings that were not previously produced but are believed to duplicate drawings contained on the computer disks Marcin produced to Grizzly Ranch in September, 2003. Marcin has stipulated that it will not offer these newly discovered drawings into evidence in either hard-copy or computerized forms.

6. This deadline was subsequently extended for one week at Grizzly Ranch's request.

7. Even if Mr. Erkan had reviewed Marcin's document production before completing his original expert report, the relevance of Marcin's computer data regarding preliminary, superseded drawings and plans is unclear. Grizzly Ranch argues

this data is relevant to the key issue of whether Marcin provided any work product to it. Marcin asserts, however, and Grizzly Ranch does not dispute, that it timely produced the most current version of its work product to Grizzly Ranch in hard copy. Preliminary and superseded versions of this work product stored in computer form are not relevant to the question of whether Marcin provided Grizzly Ranch with any work product. Furthermore, to the extent such evidence might be relevant, any potential prejudice to Grizzly Ranch is eliminated by Marcin's stipulation that it has not relied upon and will not offer into evidence any of the computerized data and information it produced to Grizzly Ranch in September, 2003. *See* Letter from Marcin Counsel Jef-

■ Grizzly Ranch ignores its lack of diligence as described above and instead argues it is entitled to reopen expert discovery because of Marcin's alleged malfeasance in failing to produce the computerized data in response to Grizzly Ranch's discovery requests. Even if Marcin had an obligation to produce this data, it would not at this point excuse Grizzly Ranch's lack of diligence in this matter. In fact, however, it is by no means clear that Marcin had such an obligation. While it is true that Grizzly Ranch defined the term "document" in its discovery requests to include "computer data or other data compilation from which information can be obtained or translated," the discovery requests in question asked Marcin to produce its "files," a term that apparently is not defined in these requests and arguably does not include computerized versions of preliminary and superseded work product.[8] Neither was Marcin obligated to produce these computerized data pursuant to Rule 26 or Grizzly Ranch's discovery request for all "documents referred to, identified, or used by You to answer any Interrogatory" because Marcin has stipulated that it has never used and does not intend to use this preliminary computerized information in this action. Thus, Grizzly Ranch's delay in pursuing and obtaining Marcin's computerized data cannot be blamed on Marcin's actions.

■ Grizzly Ranch's arguments to reopen expert discovery are also not aided by Mr. Erkan's affidavit in support of Grizzly Ranch's Rule 56(f) motion. Mr. Erkan states in that affidavit that as of November 6, 2003, more than six weeks *after* Marcin produced two compact disks containing the computerized data Grizzly Creek now claims is so critical to Mr. Erkan's expert testimony, he still has not reviewed this data.[9] Erkan Aff., at ¶ 5. Despite this lack of review, or perhaps because of it, Mr. Erkan can only attest that files on these disks are "likely to include technical information" on Marcin's work on a number of enumerated subjects and that it "appears" that this information is material to and "will likely substantiate" Grizzly Ranch's opposition to Marcin's motion for partial summary judgment. *Id.*, at ¶¶ 6–8. Such speculative statements are not sufficient to support a Rule 56(f) motion for additional discovery, especially when the information in question has been in Grizzly Ranch's possession for weeks. *See Jensen*, 998 F.2d at 1554 ("to invoke protection of Rule 56(f), party filing the affidavit must state with specificity how the desired discovery would enable it to meet its burden in opposing summary judgment"). Mr. Erkan's affidavit also says nothing about why Grizzly Ranch was unable to obtain the technical information it speculates is on the disks before the close of discovery more than five months ago. *See* Fed.R.Civ.P. 56(f) (affidavit must state the reasons that the party opposing summary judgment cannot present facts essential to its opposition). In fact, as described above, Grizzly Ranch had access to much of the allegedly material technical information in hard-copy form long before the discovery period ended and simply failed to review it and provide it to its expert in the time allowed. That preliminary and superseded versions of this information may also exist in computerized form does not excuse Grizzly Ranch's dilatory conduct then or otherwise justify reopening expert discovery to allow Grizzly Ranch to remedy any actual or perceived deficiencies in Mr. Erkan's report. *See Jensen*, 998 F.2d at 1554.

■ Reopening expert discovery at this point would also prejudice Marcin because it relied on Mr. Erkan's timely filed expert report in preparing its motions to exclude his testimony and motion for partial summary

---

frey M. Villanueva to Grizzly Ranch Counsel Scott Rodgers (Oct. 13, 2003).

**8.** Marcin alleges Grizzly Ranch itself only produced the most current version of its engineering plans and drawings in response to similar discovery requests from Marcin. Grizzly Ranch does not dispute this assertion in its various briefs on this issue. If Marcin is correct, Grizzly Ranch's own production demonstrates the reasonableness of Marcin's interpretation of Grizzly Ranch's discovery requests.

**9.** That these disks contain "a large number of files" is no excuse. Erkan Aff., at ¶ 5. Grizzly Ranch's failure to review the data on Marcin's compact disks before filing its Rule 56(f) motion and affidavit shows the same lack of diligence that has characterized its handling of discovery throughout this case.

judgment and because the further delay that would result from reopened discovery would only add to Marcin's burden in prosecuting what has already been an unnecessarily contentious, time consuming and expensive action for all concerned. For this reason and those stated above, I hold Grizzly Ranch is not entitled to reopen expert discovery and therefore deny both Grizzly Ranch's motion for an extension of expert discovery and its motion to deny summary judgment based on Rule 56(f).[10]

### B. *Marcin's Motion for Further Sanctions*

At the May 22 hearing in this matter, I warned Grizzly Ranch that I would dismiss its counterclaims and/or enter judgment against it if it did not pay Marcin sanctions as ordered and respond fully to Marcin's discovery requests by June 6, 2003. Tr. at 20 (May 22, 2003). On June 6, Grizzly Ranch filed a notice certifying that it had complied with this order in both respects. In its most recent Motion for Further Sanctions, filed November 12, 2003, Marcin alleges it recently discovered that Grizzly Ranch in fact failed to produce certain documents responsive to Marcin's discovery requests and requests that Grizzly Ranch's Counterclaims be dismissed and its Answer struck as a sanction.

The documents in question are: (1) handwritten or electronic notes that Mr. Norris testified at September deposition he used to calculate Grizzly Ranch's alleged damages; (2) an e-mail message Mr. Norris testified he sent Marcin in June, 2001 unequivocally terminating Marcin from the Grizzly Ranch Project; and (3) the contract between Grizzly Ranch and Mr. Erkan's company, Mountain West (now known as Wood Rogers), to re-

place Marcin on the Project, to which Mr. Erkan testified in his September deposition. All of these documents are responsive to the Marcin discovery requests that were the subject of my March and May, 2003 discovery orders and Grizzly Ranch's June 6 notice of compliance. Marcin requested that Grizzly Ranch produce the referenced documents in letters to Grizzly Ranch counsel following the Norris and Erkan depositions and again in mid-October. Marcin received no response other than a telephone report that Grizzly Ranch counsel had forwarded Marcin's document requests to Mr. Norris.[11]

 In response to Marcin's motion, Grizzly Ranch asserts it has diligently searched for the June 2001 e-mail unequivocally terminating Marcin and the signed written contract between it and Mountain West but has been unable to locate either document. Based on these representations, I find no basis for imposing further sanctions for Grizzly Ranch's failure to produce these documents. Absent a stipulation from the parties, however, Grizzly Ranch will not be permitted to offer either document into evidence should it locate them before trial.

 With respect to Mr. Norris' damage calculations and worksheets, Grizzly Ranch claims it has provided Marcin with "detailed itemizations of its damages" on four occasions and that any additional documents relating to its damages calculations are privileged and protected from disclosure. Two of the four "detailed itemizations" on which Grizzly Ranch relies upon are no more than summary statements in its original and supplemental Rule 26(a) disclosures that Grizzly Ranch incurred more than $250,000 in damages as a result of Marcin's allegedly shoddy work.[12] Another is an extensive "Adden-

10. I also deny Grizzly Ranch's request that Marcin be ordered to produce a written inventory of its document production to assist Grizzly Ranch in determining which documents have been produced in hard copy and which were produced only in computerized form. I find no basis in fact or in law for such an order, especially given Marcin's stipulation that it will not offer the computerized data into evidence.

11. Marcin also requested that Grizzly Ranch produce any documents that Mr. Erkan used in advance of his deposition to refresh his memory

regarding his involvement with the Certificate of Review. Grizzly Ranch reports no such documents exist and Marcin does not pursue this request in its reply in support of its motion for further sanctions.

12. The only specifics provided are that $150,000 of this amount is attributable to Marcin work that was unnecessary or negligently performed, with the additional amount due to the need to retain a second firm (Mountain West) to correct and complete Marcin's work. *See* Defs.' Resp., Exh. A (Grizzly Ranch's Initial Disclosures, dated

dum" to Mr. Erkan's expert report dated September 30, 2003 and disclosed to Marcin shortly thereafter. For the reasons described earlier, this "addendum" is an untimely and improper attempt by Grizzly Ranch to reopen expert discovery months after its May 7, 2003 expert disclosure deadline. Neither this nor any other addendum to Grizzly Ranch's May 7 expert disclosures that goes beyond the duty to supplement stated in Fed.R.Civ.P. 26(e)(1) may be relied upon in this action. *See* Fed.R.Civ.P. 37(c)(1).

The final damages statement cited by Grizzly Ranch, included in its supplemental discovery responses served April 18, 2003, asserts it is seeking an offset of $152,217, divided between seven categories, for Marcin work it claims had no value to the Project, and an additional $20,000 in damages for replacement engineers to mobilize. Grizzly Ranch did not describe in its response how it calculated this claimed offset and damages even though Marcin's interrogatory specifically asked for this information. Grizzly Ranch also stated in its supplemental response to an accompanying document request that it "has produced all documents that it is aware of in relationship to its damages."

Mr. Norris testified in deposition that he personally calculated the damages stated in Grizzly Ranch's April 18 supplemental responses based on Grizzly Ranch's payments to Marcin for the seven categories of work and estimates of the salvage value of this work and the cost for another company to complete it. Both of the latter estimates, he testified, were based on information he received from third-parties. Mr. Norris' damages calculations, including the salvage value and completion cost estimates from these unnamed third parties, were reported in notes and calculations Mr. Norris testified he made either on a notepad or in a computer file. It is undisputed that these documents have never been produced to Marcin.

■■■■■ Grizzly Ranch now claims it had no obligation to produce these documents because they were prepared in anticipation of this litigation and are therefore protected from disclosure by the work-product doctrine. This doctrine applies to documents and tangible things prepared by a party in anticipation of litigation. *See* Fed.R.Civ.P. 26(a)(3). It does not apply to facts underlying or contained in such documents. *See Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir.1995). "The party resisting discovery bears the burden to timely show that documents constitute work product." *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* 1995 WL 625962, *10 (D.Kan. Oct.5, 1995); *see Resolution Trust Corp.,* 73 F.3d at 266. Even if the resisting party carries this burden, it nonetheless must produce the work product if the requesting party shows it has substantial need of the material and that it is unable without undue hardship to obtain the substantial equivalent of the material by other means. Fed.R.Civ.P. 26(b)(3); *Frontier Refining, Inc. v. Gorman–Rupp Co.,* 136 F.3d 695, 704 (10th Cir.1998).

■■■■■ Rule 26(a) required Grizzly Ranch to produce its damages computation and "the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based" even without a discovery request. Fed.R.Civ.P. 26(a)(1)(C). When Grizzly Ranch failed to produce more than the summary statements described above in its Rule 26(a) disclosures, Marcin specifically requested in its first set of discovery requests that Grizzly Ranch describe how it calculated its claimed damages and produce all related documents. *See* Pl.'s Inter. No. 12, Req. for Prod. No. 5. I ordered Grizzly Ranch to produce these and other documents in my March and May discovery orders and Grizzly Ranch certified that it had complied with these orders. In so doing, Grizzly Ranch did not identify Mr. Norris' damage calculations as protected work product, produce a privilege log as required by Fed.R.Civ.P. 26(b)(5) or otherwise notify the court or Marcin that, contrary to its prior representations of complete pro-

Nov. 12, 2002) at 14; *id.,* Exh. B (Grizzly Ranch's Amended Disclosures, dated Jan. 24,

2003) at 14.

duction, it was withholding any documents that were the subject of these orders. Grizzly Ranch has not timely or otherwise demonstrated that the disputed Norris notes and calculations are work product and, even if it had, its actions have prejudiced Marcin by depriving it of the opportunity to show substantial need justifying these documents' disclosure. Grizzly Ranch has also failed to provide any justification for not disclosing the third-party salvage value and completion cost estimates upon which Mr. Norris testified he relied, which clearly are responsive to Marcin's interrogatory and could have been disclosed without production of Mr. Norris' notes and calculations.

Under these circumstances, I find Grizzly Ranch violated my orders of March 27 and May 22, 2003 when it failed to identify and produce these notes and calculations or otherwise describe the method and facts it utilized in calculating the itemized damages set forth in its April 18, 2003 supplemental response to Marcin's Interrogatory No. 12. As a sanction for this violation, I order excluded from evidence: (i) any testimony by Mr. Norris regarding the offset and/or damages claimed by Grizzly Ranch in this action, including but not limited to the offset and damages stated in Grizzly Ranch's April 18, 2003 supplemental response; and (ii) all other evidence prepared by or generated by Mr. Norris relating to this subject. Further, Grizzly Ranch shall pay Marcin its reasonable expenses, including attorney fees, incurred in bringing its Motion for Further Sanctions. If Marcin incurred any additional expenses as a result of Grizzly Ranch's violation of my prior orders, it shall promptly file an itemization of these additional expenses so that I may determine whether they should also be assessed against Grizzly Ranch. *See* Fed.R.Civ.P. 37(b).

### Conclusion

For the reasons stated above, I DENY Defendants'/Counterclaimants' Motion for Extension of Expert Discovery Based Upon Forthcoming Document Production and Defendants/Counterclaimants' Motion to Deny Summary Judgment Pursuant to Fed. R.Civ.P. 56(f), and GRANT Plaintiff's Motion for Further Sanctions for Failure to Comply with Orders Compelling Discovery to the extent stated above.

I expect to issue rulings on Marcin's motions to exclude the testimony of Mr. Erkan, to strike Grizzly Ranch's certificate of review and for partial summary judgment by the end of January, 2004. Before that time, I strongly urge the parties to consider my rulings in this order and to make a good faith effort to resolve this matter fully by settlement. The nature of the dispute and the amount in controversy do not justify the energy and expense it has consumed to date and is likely to consume in the future if the parties persist in their dispute.

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules, including those related to discovery, "shall be construed and administered to secure the just, speedy and *inexpensive* determination of every action." Fed.R.Civ.P. 1 (emphasis added). From their very first appearance in court at the scheduling conference, the parties have been repeatedly advised that their proposed discovery and motions, when considered in light of the amounts claimed as damages, made no economic sense. Counsel were implored to explore other means, including alternative dispute resolution, to achieve a resolution in keeping with the dictates of Rule 1. Instead, the juggernaut inexorably persists. Unless counsel are fully paid for all of their time and costs expended in this consuming litigation, no one has benefitted. That contingency is clearly not a justifiable reason for this obdurate persistence in failing to abide by the Rules.

It is not possible on the present record to determine whether Grizzly Ranch, its former counsel or the two acting in concert are responsible for this lamentable abuse of the discovery process. It is clear, however, that neither Marcin nor its counsel are the cause. A party complying with the Rules in substance and spirit should not be made to suffer because of the insouciance or possibly malevolent abuse of the discovery process by an opposing party. Marcin's day in court has already been jeopardized.